**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARKESHA PERKINS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No.: |
| v. | ) <br> ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| CENTRAL CREDIT SERVICES, | ) <br> ) |
| Defendant. | ) (Unlawful Debt Collection Practices) |

## **COMPLAINT**

MARKESHA PERKINS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CENTRAL CREDIT SERVICES ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Illinois, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in University Park, Illinois.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 9550 Regency Square Blvd., Suite 602, Jacksonville, FL 32225.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt that Defendant attempted to collect arose from transactions, which were primarily for personal, family, or household purposes.

12. From May 2012 until June 2012, Defendant's collectors, including Ed Stone, placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

13. Defendant's harassing calls originated from numbers including, but not limited to (866) 394-2696. The undersigned has confirmed that these numbers belong to Defendant.

14. Defendant placed daily calls to Plaintiff's telephone number.

15. Plaintiff advised Defendant that she wanted to confer with her attorney about her legal rights concerning the debt and to stop calling.

16. Despite this request, and knowledge that Plaintiff was working with counsel, Defendant continued to call.

17. Upon information and belief, Defendant used an automatic telephone dialing system or pre-recorded or artificial voice.

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. Defendant did not consult with its client at any time before making calls to Plaintiff to determine if there was express consent to call his cellular telephone.

20. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

21. Defendant took the above actions with the intent to harass, abuse, and annoy Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when it called Plaintiff after her request that calls cease and that she wanted to consult legal counsel, and when it engaged in other harassing or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's cellular telephone to ring repeatedly and continuously with the intent to harass or annoy her.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

27. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when it called Plaintiff after her request that calls cease and that she wanted to consult legal counsel, and when it engaged in other harassing or abusive conduct.

**COUNT IX**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

28. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

29. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary

loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

30. Despite the fact that Plaintiff never consented to Defendant making calls to her cellular telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

31. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

32. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

33. Defendant called Plaintiff on her cellular telephone dozens of times.

34. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

35. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a home telephone service.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARKESHA PERKINS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARKESHA PERKINS, demands a jury trial in this case.

DATED: 05/10/13    KIMMEL & SILVERMAN, P.C.

          By: /s/ Amy L. Bennecoff
            Amy L. Bennecoff
            Attorney for Plaintiff
            Kimmel & Silverman, P.C.
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            Email: abennecoff@creditlaw.com